IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY HOWARD BESSELAAR, ) <br> # 135043, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SAM COCHRAN, *et al.,* ) <br> ) <br> Respondents. ) | CIVIL ACTION NO. <br> 2:21-CV-345-ECM-SRW <br> [WO] |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on May 3, 2021, by Tracy Howard Besselaar. Doc. 1. Besselaar is serving a life sentence for first-degree burglary imposed in 2007 by the Circuit Court of Baldwin County, Alabama (CC-1996-1943). When he filed his § 2254 petition, Besselaar was incarcerated in the Mobile County Metro Jail. In his petition, he argues that the Alabama Board of Pardons and Paroles denied him due process in his 2019 parole revocation proceedings. For the reasons that follow, the Magistrate Judge finds that Besselaar's § 2254 petition should be transferred to the United States District Court for the Southern District of Alabama.

### II. DISCUSSION

**A.   This Court Lacks Jurisdiction to Rule on Besselaar's § 2254 Petition.**

Title 28 U.S.C. § 2241(d) provides:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which

> contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, a petition for writ of habeas corpus under 28 U.S.C. § 2254 may be filed either in the federal district court for the district of the state court of conviction and sentencing or the federal district court in the petitioner's district of incarceration in that state. Although § 2241(d) has implications for venue, it primarily governs jurisdiction, as it states that "each of such district courts shall have concurrent *jurisdiction* to entertain the application." 28 U.S.C. § 2241(d) (emphasis added). *See Zenteno v. Gipson*, 2014 WL 1795175, at *1–2 (C.D. Cal. 2014); *Reyes v. Singer*, 2010 WL 680355, at *5 (N.D. Fla. 2010).

Besselaar was convicted of first-degree burglary in the Circuit Court of Baldwin County, and that court imposed the state sentence he is serving. Baldwin County is located within the federal judicial district of the United States District Court for the Southern District of Alabama. When Besselaar filed his § 2254 petition, he was incarcerated in the Mobile County Metro Jail, which is also located within the federal judicial district of the United States District Court for the Southern District of Alabama. Thus, under 28 U.S.C. § 2241(d), the United States District Court for the Southern District of Alabama has jurisdiction to entertain Besselaar's § 2254 petition.

Although Besselaar's petition contests a decision by the Alabama Board of Pardons and Paroles revoking Besselaar's parole, and the Board is located in Montgomery, Alabama, within the federal judicial district of the United States District Court for the Middle District of Alabama, this court does not have jurisdiction to entertain Besselaar's §

2

2254 petition because the Board is not a "State court" as provided in § 2241(d) and the Board did not "convict and sentence" Besselaar as provided in § 2241(d). *See Carmona v. Andrews*, 357 F.3d 535, 538–39 (5th Cir. 2004). *See also Mann v. Crabtree*, 2018 WL 1354795, at *2 (M.D. Ala. 2018), report and recommendation adopted, 2018 WL 1352169 (M.D. Ala. 2018) (following *Carmona*); *Conners v. Alabama Bd. of Pardons & Paroles*, 2017 WL 5634160, at *3 (M.D. Ala. 2017), report and recommendation adopted, 2017 WL 5633260 (M.D. Ala. 2017) (same).

**B.     Besselaar's § 2254 Petition Should Be Transferred.**

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Besselaar is proceeding *pro se* and he seeks habeas corpus relief, this court finds that it would be in the interest of justice to transfer this case to the United States District Court for the Southern District of Alabama under § 1631.[1]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 11, 2021. A party must specifically identify the factual findings and legal

---

[1] In recommending the transfer of Besselaar's petition, this court expresses no opinion on the merits of his claims.

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

      DONE, on this the 27th day of May, 2021.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge